Allan **WACHTER**, M.D., Seth Chemicals, Inc., and Nathan M. Technologies Limited Partnership, Plaintiffs–Appellees,

v.

John **LEZDEY**, Noreen Lezdey, Darren Lezdey, Jarett Lezdey, J & D Sciences, Inc., Sonoran Desert Chemicals LLC, and Protease Sciences, Inc., Defendants–Appellants,

and

**J.L. Technology Limited Partnership,** Defendant.

No. 02–1199.

United States Court of Appeals, Federal Circuit.

March 29, 2002.

---

Before MICHEL, BRYSON, and PROST, Circuit Judges.

## ON MOTION

MICHEL, Circuit Judge.

Allan Wachter, M.D. et al. move to dismiss this appeal from a remand order for lack of jurisdiction pursuant to 28 U.S.C. § 1447(d). Wachter also seeks costs and fees. None of the appellants filed a response.

A notice of appeal was filed by John Lezdey, Noreen Lezdey, Darren Lezdey, Jarett Lezdey, J & D Sciences, Inc., Sonoran Desert Chemicals LLC, and Protease Sciences, Inc., seeking review of an order of the United States District Court for the District of Arizona that remanded the action to an Arizona state court. The action had previously been removed from the state court.

28 U.S.C. § 1447(d) provides:

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

## ORDER

The Supreme Court has interpreted this provision as prohibiting any review of the district court's order if that order "is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction," i.e., the grounds for removal pursuant to section 1447. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (affirming dismissal of appeal of district court order that remanded a case to a state court due to a defect in removal procedure). *Compare Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976) (mandamus petition not prohibited if district court's remand order was not issued based on a lack of subject matter jurisdiction or defects in removal procedure); *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (order remanding case on abstention grounds may be reviewed on appeal because it was not based on lack of subject matter jurisdiction or defects in removal procedure).

■ Here, the district court expressly remanded due to a lack of subject matter jurisdiction. The district court alternatively stated that the removal from state court was procedurally defective. Pursu-

ant to *Things Remembered,* this court has no jurisdiction to review the remand order, and granting the motion to dismiss is warranted.

A second issue concerning the motion to dismiss is whether this court may presently act on the motion. Wachter informs this court that J & D Sciences and John Lezdey filed voluntary bankruptcy petitions after filing the notice of appeal in this court.* Wachter raises the issue whether the automatic stay provision of 11 U.S.C. § 362(a) prohibits this court from deciding the motion to dismiss and argues that if it does prohibit consideration of the motion, that this court nonetheless dismiss the appeal insofar as it relates to the defendants that have not filed for bankruptcy protection.

11 U.S.C. § 362(a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

. . . .

Thus, Wachter's motion presents this court with the question whether the stay of proceedings, due to the bankruptcy petition, prohibits this court from dismissing an appeal over which this court clearly does not have jurisdiction. On an issue such as this, we apply the law of the regional circuit, here the United States Court of Appeals for the Ninth Circuit. *See Bose Corp. v. JBL, Inc.,* 274 F.3d 1354, 1360 (Fed.Cir.2001) (we apply regional circuit law to procedural questions "that are not themselves substantive patent law issues," as long as they do not "pertain to patent law," "bear an essential relationship to matters committed to our exclusive control by statute," or "clearly implicate the jurisprudential responsibilities of this court in a field within its exclusive jurisdiction").

On this issue, the Ninth Circuit has held that the stay provision of section 362 is not violated by deciding a motion to dismiss a case as long as the determination regarding dismissal does not involve the merits of the case. *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 756 (9th Cir.1995) (district court's dismissal of a complaint violated stay provision of section 362 when the dismissal occurred after the filing of a bankruptcy petition and when the dismissal concerned the issues of the case, e.g., whether law of the case precluded liability); *Independent Union of Flight Attendants v. Pan Am. World Airways,* 966 F.2d 457 (9th Cir.1992) (deciding that section 362 did not prohibit the court of appeals from considering a motion to dismiss an appeal due to mootness). Additionally, if no purpose of section 362 is served by application of the automatic stay, the court may consider the motion to dismiss. *Independent Union,* 966 F.2d at 459 (purpose of section 362 is two-fold: (1) to give the debtor a "breathing spell" from collection efforts and permit a repayment or reorganization plan, and (2) to provide creditors protection against other creditors' actions or collection attempts)). *Cf. Bronson v. United States,* 46 F.3d 1573, 1578–79 (Fed. Cir.1995) (noting two-fold purpose of automatic stay provision of bankruptcy code).

---

* Wachter states that J & D Sciences and John Lezdey have informed the Arizona state court of the bankruptcy proceedings.

Here, by deciding that 28 U.S.C. § 1447(d) prohibits review by this court, we are not deciding the issues of the case, e.g., whether the case was properly removed or whether either party prevails on the merits. Additionally, we are unaware of any policy of section 362 that would be served by declining to rule on a motion to dismiss an appeal that is clearly outside of this court's jurisdiction. Thus, under Ninth Circuit precedent, the motion to dismiss can be decided without violating 28 U.S.C. § 362(a). As we have indicated above, section 1447(d) requires dismissal of this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) Wachter's motion to dismiss is granted.

(2) Wachter's motion for costs and fees is denied. All parties shall bear their own costs.