An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

HERBERT HANSON,
Appellant,
vs.
GEMSTONE LVS, LLC,
Respondent.

No. 61479



FILED

APR 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DISMISSING APPEAL

Respondent has notified this court that it has petitioned for relief under Chapter 7 in the United States Bankruptcy Court for the District of Nevada on February 5, 2013. The filing of a Chapter 7 petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the [bankruptcy] debtor." 11 U.S.C. § 362(a)(1) (2010). An appeal, for purposes of the automatic bankruptcy stay, is considered a continuation of the action in the trial court. *See, e.g., Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987). Consequently, an appeal is automatically stayed if the debtor was a defendant in the underlying trial court action. *Id.* In the underlying district court action, respondent was a defendant. Accordingly, the automatic bankruptcy stay applies to this appeal.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because such a dismissal will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that the dismissal will not violate the bankruptcy stay.

13-11792

*See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (providing that a post-bankruptcy dismissal violates the automatic stay when "the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *see also Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (explaining that the automatic bankruptcy stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. § 362(a)]"). Accordingly, this appeal is dismissed without prejudice to appellant's right to move for its reinstatement within 60 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if such a motion is deemed appropriate at that time.

It is so ORDERED.[1]

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                              Saitta

cc:   Hon. Susan Scann, District Judge
      Robert F. Saint-Aubin, Settlement Judge
      Hutchison & Steffen, LLC
      David J. Merrill, P.C.
      Howard Kim & Associates
      Eighth District Court Clerk

---

[1]We deny as moot appellant's motion for an extension of time to file his opening brief.