John **DEAN, Plaintiff-Appellee,**

v.

**TRANS WORLD AIRLINES, INC., and Air Line Pilots Association, International, Defendants-Appellants.**

**No. 82–3133.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1983.

Decided June 16, 1983.

L. Steve Edmondson, Tacoma, Wash., for plaintiff-appellee.

Douglas G. Mooney, Seattle, Wash., Gary Green, Washington, D.C., for defendants-appellants.

Before BROWNING, Chief Judge, FLETCHER and POOLE, Circuit Judges.*

PER CURIAM:

Appellants Trans World Airlines, Inc. ("TWA") and Air Line Pilots Association, International ("ALPA" or "the union") appeal the district court's grant of summary judgment in favor of appellee John Dean. We reverse.

FACTS

Dean, a pilot employed by TWA, was required by an agency shop agreement between TWA and ALPA to pay an agency fee to ALPA. He protested the charge, which he characterized as an "unconstitutional tax," in numerous letters to ALPA during 1976 and 1977. He accused the union, among other things, of using his fees for political expenditures in violation of the Supreme Court's holding in *International Association of Machinists v. Street*, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961). Unsatisfied with ALPA's response that his dues were not used for any political or ideological cause, Dean decided unilaterally to reduce his monthly payment to the union. He was sent several delinquency notices, including an itemized bill of all amounts owed. Finally, at ALPA's request and pursuant to the agency shop agreement, TWA discharged Dean.

Dean sued for breach of contract and breach of the duty of fair representation. The district court granted his motion for partial summary judgment, ruling as a matter of law that Dean had raised a proper spending challenge under *Street*, and that his discharge was therefore unlawful. TWA was then ordered to reinstate Dean.

ANALYSIS

■ *International Association of Machinists v. Street*, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961), prohibits unions from using the dues of a protesting employee to support political and ideological causes which the employee opposes. In *Street*, however, and later in *Brotherhood of Railway and Steamship Clerks v. Allen*, 373 U.S. 113, 83 S.Ct. 1158, 10 L.Ed.2d 235 (1963), the Supreme Court very clearly held that protesting employees are not released from their dues-paying obligation simply because they believe that a portion of their dues is being used for political or ideological expenditures. The Court stated in *Street*:

> The [employees] who have participated in this action have in the course of it made known to their respective unions their objection to the use of their money for the support of political causes. In that circumstance, the respective unions were without power to use payments thereafter tendered by them for such political causes. However, the union-shop agreement itself is not unlawful. [Citation omitted.] *The [protesting employees] therefore remain obliged, as a condition of continued employment, to make the payments to their respective unions called for by the agreement.*

---

\* The panel which heard oral argument consisted of Chief Judge Browning and Judges Fletcher and Pregerson. Subsequently, Judge Pregerson recused and pursuant to the Court's procedures

Judge Poole was drawn by lot to replace Judge Pregerson. Judge Poole participated by reading the briefs and record and listening to the tape of oral argument.

367 U.S. at 771, 81 S.Ct. at 1801 (emphasis added). To allow an injunction restraining dues collections might, the Court explained, "interfere with the ... unions' performance of those functions and duties which the Railway Labor Act places upon them to attain its goal of stability in the industry." *Id.*

In *Allen,* the court went one step further and held that

lest the important functions of labor organizations under the Railway Labor Act be unduly impaired, *dissenting employees* (at least in the absence of special circumstances not shown here) *can be entitled to no relief until final judgment in their favor is entered.*

373 U.S. at 120, 83 S.Ct. at 1162 (emphasis added).

If courts cannot enjoin the collection of union dues, then certainly an individual should not be permitted unilaterally to decide to reduce or stop dues payment. Yet the district court in the instant case in essence approved Dean's self-help injunction. Under *Street* and *Allen,* it would have been appropriate for Dean to seek judicial relief by way of either (1) a rebate for political and ideological expenditures or (2) a narrowly drawn injunction prohibiting the use of a portion of his dues for political and ideological expenditures. 367 U.S. at 774–75, 81 S.Ct. at 1802–1803; 373 U.S. at 120–23, 83 S.Ct. at 1162–1164. Under *Allen,* the union would have had the burden of proving the proportion of political to total union expenditures. 373 U.S. at 122, 83 S.Ct. at 1163. Dean did not pursue the proper avenue for redress of his grievance. The district court erred, therefore, when it granted summary judgment in his favor.

The judgment of the district court is reversed and the cause is remanded with instructions to vacate the order granting partial summary judgment and the injunction, and to try the case on the merits.