TROTT, Circuit Judge:
 

 John L. Dean argues that the district court violated the automatic stay provisions of 11 U.S.C. § 362(a) when the court granted summary judgment to Trans World Airlines (TWA) and dismissed Dean’s action against it four days after TWA filed for bankruptcy. Dean’s argument requires us to revisit the issue of when a court may dismiss an action against a bankrupt defendant without violating the automatic stay. The trial court had jurisdiction under 28 U.S.C. § 1331. Jurisdiction over this timely appeal is proper un
 
 *755
 
 der 28 U.S.C. § 1291. This appeal raises an issue of law subject to
 
 de novo
 
 review.
 

 We conclude that where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case, dismissal of an action after the defendant has filed for bankruptcy violates the automatic stay. Accordingly, we reverse the summary judgment in favor of TWA and remand for further proceedings.
 

 BACKGROUND
 

 In 1979, Dean sued TWA and the Air Line Pilots Association (ALPA) for contractual, statutory, and constitutional violations related to TWA’s decision to fire Dean at ALPA’s behest. The case travelled a tortuous path and has visited the Ninth Circuit twice — in
 
 Dean v. Trans World Airlines, Inc.,
 
 708 F.2d 486, 487 (9th Cir.),
 
 cert. denied,
 
 464 U.S. 995, 104 S.Ct. 490, 78 L.Ed.2d 685 (1983)
 
 (Dean
 
 I), and
 
 Dean v. Trans World Airlines, Inc.,
 
 924 F.2d 805 (9th Cir.1991)
 
 (Dean
 
 77) — before reaching us this third time.
 

 In
 
 Dean II,
 
 we affirmed a jury’s verdict that TWA was not contractually liable and reversed the partial summary judgment in favor of the defendants on the constitutional claim. On remand, TWA filed for summary judgment on the issues of constitutional and statutory liability. The parties seem to have finished all substantive briefing by early January 1992.
 

 On January 31, 1992, TWA filed for bankruptcy in Delaware.
 

 On February 4, 1992, the district court issued an order that, among other things, granted TWA’s summary judgment motion and dismissed Dean’s action against it because the law-of-the-case precluded finding TWA liable.
 
 [1]
 
 The parties tell us that the court was not aware of the bankruptcy filing when it issued its order.
 

 On July 26, 1994, the bankruptcy court lifted TWA’s automatic stay.
 

 DISCUSSION
 

 The automatic stay of 11 U.S.C. § 362(a)(1) prevents the “commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement” of the bankruptcy case. The circuits do not agree on the circumstances under which post-filing dismissal of an action against a debtor is an impermissible continuation that violates the stay.
 
 [2]
 
 In the Ninth Circuit, such dismissal is permissible so long as it is “consistent with the purpose of the statute [11 U.S.C. § 362(a) ].”
 
 Independent Union of Flight Attendants v. Pan American World Airways, Inc.,
 
 966 F.2d 457, 459 (9th Cir.1992) (IUFA). Offering
 
 I UFA
 
 as authority, TWA asks us to affirm the district court’s judgment.
 

 Section 362(a) has two broad purposes. First, it provides debtors with protection against hungry creditors:
 

 It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
 

 H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340 (1977),
 
 reprinted in
 
 1978 U.S.C.C.A.N. 5963, 6296-97. Second, the stay assures creditors that the debtor’s other creditors are not racing to various courthouses to pur
 
 *756
 
 sue independent remedies to drain the debt- or’s assets:
 

 The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor’s property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.
 

 Id.
 

 In light of these purposes, we recognized in
 
 IUFA
 
 that, under very limited circumstances, post-filing dismissal by a court of an action against a debtor may not be an impermissible “continuation” of a proceeding. 966 F.2d at 458. In
 
 IUFA,
 
 after losing an appeal to this court, the Independent Union of Flight Attendants (IUFA) petitioned for rehearing -with a suggestion for rehearing
 
 en banc.
 
 We could not act on this petition because appellees Pan American World Airways, Inc., and Pan Am Corporation (collectively, Pan Am) had filed for bankruptcy, triggering the automatic stay. Instead, we asked for a status report. In response to our request, IUFA moved to dismiss its appeal for mootness because it had withdrawn its grievance against Pan Am which had formed the basis for its appeal. IUFA’s motion did not require us to resolve any issue related to the grievance. We reasoned that declining to dismiss would not serve the purposes behind the automatic stay. Judicial recognition that IUFA’s claim was moot could neither intrude on Pan Am’s “breathing space” nor give its other creditors any conceivable grounds for worry. Therefore, we dismissed IUFA’s appeal notwithstanding the automatic stay. 966 F.2d at 458-59.
 

 TWA reads
 
 IUFA
 
 broadly to mean that a post-filing dismissal of an action against a debtor does not violate the stay if the
 
 effect
 
 of the dismissal is consistent with the purposes of the stay- — i.e., if one can say in hindsight that dismissal helped the debtor and did not threaten other creditors, then the ends excuse the means. A moment’s reflection, however, shows that the
 
 IUFA
 
 exception must be a narrow one that cannot apply where a decision to dismiss requires a court to first decide any other issues presented by or related to the underlying case.
 

 Construing
 
 IUFA
 
 broadly to permit post-filing dismissal based on resolution of issues presented by or related to an underlying case would require us to impose an unworkable rule to avoid undermining the debtor protection purpose of the automatic stay. Before a court
 
 decides
 
 a question, the court does not know which side will win. Therefore, while a court actively
 
 considers
 
 an issue in a case against a debtor, the court cannot know whether its consideration will, in the end, help or harm the debtor. Suppose, as in this case, a defendant moves for summary judgment on law-of-the-case grounds before filing for bankruptcy. If the court grants this motion after the filing, then one could argue, in retrospect, that the court did not violate the purpose of debtor protection because it has lightened the debtor’s litigation burden and protected the debtor’s estate. If, however, the court denies the motion, then it has violated the debtor protection purpose and impermissibly continued the proceeding. A rule permitting post-filing dismissal based on a determination of issues presented by or related to an underlying case is unworkable because, in practice, it would require courts to know the answers to questions before deciding them. As we were reminded by Lewis Carroll, first the trial, then the verdict. Such a holding should surprise no one.
 

 Therefore, we hold that post-filing dismissal in favor of the bankrupt of an action that falls within' the purview of the automatic stay violates the stay where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case. In other words, thinking about the issues violates the stay. Dismissal of Dean’s action against TWA required the court to decide whether the law-of-the-case precluded finding TWA liable to Dean. Therefore, this dismissal violated the automatic stay. By contrast, in
 
 IUFA,
 
 the motion to dismiss had nothing to do with the issues arising out of IUFA’s grievance. It merely asked the court to recognize that IUFA no longer wished to litigate. Therefore, dismissal did not violate the automatic stay because, at the time of IUFA’s motion, it was clear there was no conceivable way for
 
 *757
 
 the court’s consideration of the motion to harm the bankrupt Pan Am.
 

 CONCLUSION
 

 We reverse the grant of summary judgment to TWA and the dismissal of Dean’s action against it. We affirm the other portions of the district court’s judgment and remand for proceedings consistent with this opinion. The parties will bear their own costs.
 

 REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
 

 [1]
 

 . We affirm the other portions of the district court's judgment, in which the court reinstated a judgment against ALPA and allowed Dean's lawyers to withdraw from the case. Dean argues that these actions violated the stay. They did not.
 
 United States v. Dos Cabezas Corp.,
 
 995 F.2d 1486, 1491 (9th Cir.1993) ("Ordinarily, ... unless the assets of the bankrupt estate Eire at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties.”) (citations omitted; listing authorities).
 

 [2]
 

 .
 
 See Dennis v. A.H. Robins Co.,
 
 860 F.2d 871, 872 (8th Cir.1988) (per curiam) (holding that stay does not prevent "another court from dismissing a case on its docket”).
 
 But see Pope v. Manville Forest Prod. Corp.,
 
 778 F.2d 238, 239 (5th Cir.1985) (holding that district court’s post-petition dismissal of an action was a continuance that violated the stay).