86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John W. GUTHRIE, Debtor.
John W. GUTHRIE, Appellant,
v.
PACIFIC SECURITY COMPANIES, INC., Appellee.
 No. 95-35849.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guthrie appeals pro se from a decision of the bankruptcy appellate panel (BAP) affirming a summary judgment entered by the bankruptcy court. The BAP had jurisdiction pursuant to 28 U.S.C. § 158(b). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Guthrie argues that the 1990 nonjudicial foreclosure sale of the Tacoma fourplexes to Pacific Securities Company (Pacific) was valid as to two-thirds of the price paid because his co-owners and co-obligors were not in bankruptcy. He argues that the automatic stay entered when he filed for bankruptcy voided only the sale of his one-third interest in the property. The bankruptcy court and BAP rejected Guthrie's argument and we review de novo the bankruptcy court's summary judgment. In re Bullion Reserve of North America, 922 F.2d 544, 546 (9th Cir.1991). We may base our ruling on any ground supported by the record. Id.
 
 
 4
 We agree with the bankruptcy court and the BAP that the entire sale, and not a fraction of it, was void. Guthrie's argument is foreclosed by In re Bialac, 712 F.2d 426 (9th Cir.1983). In Bialac, we held that where a debtor held a partial interest in a promissory note, a sale of the remaining interests in the note violated the automatic stay. We reasoned that under Arizona law, a debtor has a pre-foreclosure right to redeem collateral. Id. at 430. We explained that the debtor's right to redeem is property of the estate, 11 U.S.C. § 541; Bialac, 712 F.2d at 430-31, and that a forced sale of only part of the note eliminates the debtor's redemption right and the effect of the automatic stay. Bialac, 712 F.2d at 429-32; see also In re Schwartz, 954 F.2d 569, 571 (9th Cir.1992) (automatic stay invoked by bankruptcy filing voids sales as to debtor and debtor's property interests).
 
 
 5
 As in Arizona, Washington gives a debtor a pre-foreclosure redemption right to the entire property subject to foreclosure. Wash.Rev.Code Ann. § 61.24.090 (grantor under deed of trust "shall be entitled to cause a discontinuance of the sale proceedings by curing the default"). This right of redemption is a property right of the estate. Bialac, 712 F.2d at 430-31. The automatic stay therefore voided the 1990 foreclosure sale of the Tacoma fourplexes. Guthrie's focus on the details of his arrangement with Pacific and the value he might or might not derive from his right to redeem are misplaced. The automatic stay provision is designed to protect both creditors and debtors, see Dean v. Trans World Airlines, 72 F.3d 754, 755-56 (9th Cir.1995), and Guthrie cannot waive the stay. See 11 U.S.C. § 362(a), (c).
 
 
 6
 Guthrie also argues that the bankruptcy court should not have entered summary judgment as to his remaining claims. However, Guthrie's remaining claims amount to objections to Pacific's claim to the property. It is undisputed that Pacific's claim was properly executed and filed. The claim therefore constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f). Guthrie has not produced any evidence raising a material issue of fact as to the validity of Pacific's claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3