An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MIHEE JANG; AND GREENLAND SUPERMARKET, INC., A NEVADA CORPORATION,

Appellants,

vs.

SPRING MOUNTAIN AND RAINBOW LLC, A NEVADA LIMITED LIABILITY COMPANY,

Respondent.

No. 62979

FILED

SEP 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER DISMISSING APPEAL

Counsel for appellants informed this court that this appeal was stayed due the bankruptcy filing of appellant Greenland Supermarket, Inc. *See* 11 U.S.C. § 362(a)(1); *See also,* Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc., 817 F.2d 1424 (9th Cir. 1987). Because it was not clear whether the say applied to both appellants, we directed counsel to file a status report regarding the extent of the stay. Counsel reports that the stay applies to both appellants

Given the applicability of the stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we

13-26507

further conclude that such dismissal will not violate the bankruptcy stay.[1] See Independent Union of Flight Attendants v. Pan American World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellants' right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellants deem such a motion appropriate.[2]

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." Id. At 755-6.

[2]Any such motion for reinstatement of the appeal must be filed within 60 days of the lifting of the bankruptcy stay or conclusion of bankruptcy proceedings, whichever occurs earlier.

cc:     Hon. Douglas W. Herndon, District Judge
        Robert F. Saint-Aubin, Settlement Judge
        Hutchison & Steffen, LLC
        Leavitt Sully & Rivers
        Denton Lopez & Cho
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A