An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SOCRATES ROUSSOS,
                    Appellant,
          vs.
TERRI GILMORE,
                    Respondent.

No. 66011

**FILED**

SEP 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
          DEPUTY CLERK

### *ORDER DISMISSING APPEAL*

Counsel for appellant has filed a "Notice of Stay of Proceedings," informing this court that appellant has filed a bankruptcy petition in the District of Nevada, Case no. BK-S-14-14318-ABL. A copy of the Notice of Bankruptcy Filing from the bankruptcy court is attached to appellant's notice. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal. for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the

14-32402

merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-6.

bankruptcy proceedings, if appellant deems such a motion appropriate at that time.[2]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michelle Leavitt, District Judge
Lansford W. Levitt, Settlement Judge
Jeffrey A. Cogan, Esq., Ltd.
John Peter Lee Ltd.
Eighth District Court Clerk

---

[2]Any motion to reinstate this appeal must be filed within 60 days of entry of the order lifting the stay or concluding the bankruptcy proceedings.