# IN THE SUPREME COURT OF THE STATE OF NEVADA

JV PROPERTIES, LLC, A NEVADA
LIMITED LIABILITY COMPANY
     Appellant,
    vs.
SV LITIGATION SPE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
     Respondent.

No. 68721

FILED

JUL 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

Appellant has filed a "Suggestion of Bankruptcy and Notice of Operation of Automatic Stay," informing this court that it has filed a petition in bankruptcy court. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we

16-22117

further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                Pickering

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

cc:   Hon. Michael Villani, District Judge
      Hon. Valerie Adair, District Judge
      Robert Saint-Aubin, Settlement Judge
      Reid Rubinstein Bogatz
      Mazur & Brooks, A PLC
      Eighth District Court Clerk