# IN THE SUPREME COURT OF THE STATE OF NEVADA

JV PROPERTIES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MICHAEL VILLANI, DISTRICT
JUDGE,
                Respondents,

and

SV LITIGATION SPE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Real Party in Interest.

No. 69411

FILED

AUG 09 2016


TRACIE K. INDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DISMISSING PETITION*

Petitioner JV Properties, LLC, has filed a suggestion of bankruptcy notifying this court that a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada has been filed. A copy of a Voluntary Petition for Non-Individuals Filing for Bankruptcy is attached to the motion.

The filing of a Chapter 11 petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the [bankruptcy] debtor." 11 U.S.C. § 362(a)(1) (2010). A petition for extraordinary relief in an ongoing action, for purposes of the automatic bankruptcy stay, is considered a continuation of the action in the trial court. *See, e.g., Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987). Consequently, a writ proceeding is automatically stayed if the debtor was a defendant in the underlying trial court action.

16-24668

*Id.* It appears that JV Properties is a defendant below. Therefore, this matter is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this petition may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if the petition is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of the petition and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)]"; *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"). Accordingly, we dismiss this petition. This dismissal is without prejudice to JV Properties' right to move for reinstatement of this petition upon

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if it deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                                Pickering

cc:     Hon. Michael Villani, District Judge
        Reid Rubinstein Bogatz
        Fox Rothschild, LLP, Las Vegas
        Mazur & Brooks, A PLC
        Eighth District Court Clerk