# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT HOLMES, III,
                    Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
                    Respondent.

ROBERT HOLMES, III,
                    Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
                    Respondent.

No. 71680 ✓

FILED

JUL 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 72379

## *ORDER DISMISSING APPEALS*

These are pro se appeals from an order granting summary judgment in a civil forfeiture (Docket No. 71689) and an order granting a motion for attorney fees and costs. (Docket No. 72379.) Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Respondent has filed a "Suggestion of Bankruptcy" in both appeals, informing this court that appellant has filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code in the District of Nevada, Case No. 17-12300-led. A copy of the bankruptcy petition is attached to respondent's notice.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial. . . action. . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987).

17-22112

It appears that appellant was a defendant below. Therefore, these appeals are stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, these appeals may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if these appeals are dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of these appeals and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th dr. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"). Accordingly, we dismiss these appeals. This dismissal is without prejudice to the parties' rights to move for reinstatement of these appeals upon

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives him a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if either of the parties deems such a motion appropriate at that time.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Douglas Smith, District Judge
Robert Holmes, III
Marquis Aurbach Coffing
Liesl K. Freedman
Matthew J. Christian
Eighth District Court Clerk

_____

[2]Any motion to reinstate this appeal must be filed within 60 days of entry of the order lifting the stay or concluding the bankruptcy proceedings. We deny as moot respondent's motions to dismiss these appeals.