# IN THE SUPREME COURT OF THE STATE OF NEVADA

RJRN HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
DITECH FINANCIAL, LLC,
Respondent.

No. 77177

FILED

MAR 04 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

Counsel for respondent has filed a notice informing this court that respondent has filed a bankruptcy petition. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that respondent was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we

19-09677

further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to any party's right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if that party deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-6.

cc:   Hon. Susan Johnson, District Judge
Paul M. Haire, Settlement Judge
The Law Office of Mike Beede, PLLC
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk