# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
                   Appellant,
          vs.
GREEN TREE SERVICING, LLC, N/K/A
DITECH FINANCIAL LLC,
                  Respondent.

No. 77481

**FILED**

MAR 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Counsel for respondent has filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay informing this court that respondent has filed for relief under Chapter 11 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987).

It appears that respondent Green Tree Servicing, LLC, was a defendant, counterclaimant, and cross-claimant below. The portions of this appeal relating to the claims against Green Tree are stayed pursuant to the automatic stay provisions of federal bankruptcy law; those portions of this

19-12974

appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Given the overlapping nature of the claims against Green Tree and Green Tree's counterclaims and cross-claims, as well as this court's policy of avoiding piecemeal review, *see e.g., Barbara Ann Hollier Trust v. Shack*, 131 Nev. 582, 590, 356 P.3d 1085, 1090 (2015), this court concludes that judicial efficiency will be best served if this appeal is dismissed, in its entirety, without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to the parties' rights to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-56.

Supreme Court
OF
Nevada

(0) 1947A

2

of the bankruptcy proceedings, if such a motion is deemed appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
Hong & Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk