# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENELYN BAUTISTA,
                 Appellant,

vs.

JAMES PICONE,
                 Respondent.

No. 79534

FILED

NOV 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a postjudgment award of attorney fees and costs. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

Appellant has filed a notice informing this court that she has filed for relief under Chapter 7 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a defendant below.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to

19-48323

provide protection for debtors and creditors—such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a postbankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

       Accordingly, this appeal is dismissed. This dismissal is without prejudice to the parties' rights to move for reinstatement of this appeal within 60 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if such a motion is deemed appropriate at that time.

       It is so ORDERED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

[2]Given this dismissal, this court takes no action in regard to the renewed motion to dismiss filed on November 4, 2019.

 

cc: Hon. Mathew Harter, District Judge
Israel Kunin, Settlement Judge
Black & LoBello
Benjamin B. Childs
Eighth District Court Clerk