# IN THE SUPREME COURT OF THE STATE OF NEVADA

KELLY SWEITZER,
                    Appellant,
          vs.
TEACHER'S HEALTH TRUST; AND
SANDRA GARZA-CHAVEZ,
                    Respondents.

No. 78739

FILED

APR 0 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Counsel for appellant has filed a Notice of Bankruptcy Filing and Suggestion of Automatic Stay, informing this court that appellant has filed for bankruptcy. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a counterdefendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and

SUPREME COURT
OF
NEVADA

(O) 1947A

20-12487

is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                             Silver

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

cc:   Hon. Tierra Danielle Jones, District Judge
Persi J. Mishel, Settlement Judge
Richard Harris Law Firm
Fennemore Craig, P.C./Las Vegas
Hutchison & Steffen, LLC/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk