# IN THE SUPREME COURT OF THE STATE OF NEVADA

WORLD BUDDHISM ASSOCIATION HEADQUARTERS, A CALIFORNIA NON-PROFIT CORPORATION,
Appellant,
vs.
LAS VEGAS MONORAIL COMPANY, A NEVADA NON-PROFIT CORPORATION,
Respondent.

No. 80858

FILED

OCT 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

Counsel for respondent has filed a Notice of Bankruptcy Filing, informing this court that Las Vegas Monorail Company has filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Nevada, Case No. 20-14451-nmc. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that Las Vegas Monorail Company was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the

SUPREME COURT
OF
NEVADA

(O) 1947A

20-37150

bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives the debtor a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Dana Jonathon Nitz, Settlement Judge
Hawkins Melendrez, P.C.
JT Law Group
Schiffer & Buus APC
Armstrong Teasdale, LLP/Las Vegas
Eighth District Court Clerk