## IN THE SUPREME COURT OF THE STATE OF NEVADA

VICTOR COVARRUBIAS, AN
INDIVIDUAL,
          Appellant,
      vs.
KELLY MCGHEE-PANE, F/K/A KELLY
F. COVARRUBIAS, AN INDIVIDUAL,
          Respondent.

No. 84172

**FILED**

APR 2 2 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
     DEPUTY CLERK

### ORDER DISMISSING APPEAL

On February 18, 2022, respondent's counsel filed a "Suggestion of Bankruptcy of Appellant Victor Covarrubias" informing this court that respondent filed an Involuntary Petition under Chapter 7 of Title 11 of the United States Code against Covarrubias in the United States Bankruptcy Court for the District of Nevada, thereby commencing a Chapter 7 Bankruptcy, Case No. 22-10564-abl. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). Because Covarrubias was the defendant below, this court directed Covarrubias' counsel to inform this court whether the automatic stay is applicable to this appeal.

On April 6, 2022, Covarrubias' counsel filed a response. Counsel indicates that Covarrubias is represented by different counsel in the bankruptcy matter, however, a review of the bankruptcy docket shows that although Covarrubias' bankruptcy counsel has filed a motion to

SUPREME COURT
OF
NEVADA

(O) 1947A

dismiss, the matter is still pending. It is counsel's view that the automatic stay is currently applicable to this appeal. We agree.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to Covarrubias' right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives the debtor a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

of the bankruptcy proceedings if Covarrubias deems such a motion appropriate at that time.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                          Stiglich

cc: Hon. Tara D. Clark Newberry, District Judge
Janet Trost, Settlement Judge
Law Office of Justin Patrick Stovall
Garman Turner Gordon
Eighth District Court Clerk