INDEPENDENT UNION OF
FLIGHT ATTENDANTS,
Plaintiff–Appellant,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., and Pan Am Corporation,
Defendants–Appellees.

No. 89–15577.

United States Court of Appeals,
Ninth Circuit.

April 10, 1992.

Before: D.W. NELSON, TROTT, and A.
TASHIMA, District Judge.*

* Honorable A. Wallace Tashima, United States District Judge, Central District of California, sitting by designation.

## ORDER

Our opinion in this case was filed on January 10, 1991. Appellant Independent Union of Flight Attendants (IUFA) timely petitioned for rehearing with a suggestion for rehearing *en banc.* Because both appellees Pan American World Airways, Inc. and Pan Am Corporation (collectively Pan Am) had filed voluntary Chapter 11 petitions, we were precluded by the automatic stay, 11 U.S.C. § 362(a), from acting on IUFA's petition. In response to our call for a status report, IUFA has moved to dismiss its appeal for mootness. The basis of IUFA's motion is that it has withdrawn the grievance which it sought to compel Pan Am to arbitrate by this action. *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 923 F.2d 678, 679 (9th Cir.1991).

Pan Am opposes the motion on the merits. In addition, it contends that the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a) [1] prohibits any further action in this appeal, presumably including any action on IUFA's motion to dismiss.

This Circuit has not yet decided the issue of whether dismissal, or any step to secure a dismissal, is the "continuation" of a judicial proceeding against a debtor under § 362. [2] The circuits that have spoken on the issue are split. The Fifth Circuit has held that a district court's *sua sponte* dismissal of an action, after the bankruptcy court had allowed plaintiff's claim in the amount of $0, was barred by the automatic stay.

We recognize that the stay, by its statutory words, operates against "the commencement or continuation" of judicial proceedings. No specific reference is made to "dismissal" of judicial proceedings. Nevertheless, it seems to us that ordinarily the stay must be construed to apply to dismissal as well. First, if either of the parties takes any step to obtain dismissal, such as a motion to dismiss or motion for summary judgment, there is clearly a continuation of the judicial proceeding. Second, in the more technical sense, just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a "continuation" of a judicial proceeding. Third, dismissal of a case places the party dismissed in the position of being stayed "to continue the judicial proceeding," thus effectively blocking his right to appeal.

*Pope v. Manville Forest Prod. Corp.,* 778 F.2d 238, 239 (5th Cir.1985). [3]

In contrast, the Eighth Circuit has held that § 362(a) does not "preclude another court from dismissing a case on its docket or … affect the handling of a case in a manner not inconsistent with the purpose

---

**1.** Section 362(a)(1) provides:
> Except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title operates as a stay, applicable to all entities of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

**2.** In *Seattle First Nat'l Bank v. Westwood Lumber, Inc.,* 932 F.2d 973 (9th Cir.1991) (Table), we reversed, by an unpublished memorandum, a district court decision which held that "a step toward dismissal by either party is a 'continuation of the judicial proceedings.'" *In re Westwood Lumber, Inc.,* 113 B.R. 684, 686 (W.D.Wash.1990). There the district court reversed a bankruptcy court decision that the

§ 362(a) automatic stay did not preclude the filing of a motion for voluntary dismissal. *Id.* at 687. Because our decision in *Westwood Lumber* was not published, we do not give it precedential effect. *See* Ninth Circuit Rule 36–3.

**3.** Were we to adopt *Pope*'s construction of § 362(a), the automatic stay would preclude IUFA from "withdrawing" its grievance—an act equivalent to the voluntary dismissal of a judicial proceeding—because the § 362 stay also applies to arbitrations. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6297 (all proceedings stayed including arbitration). We do not separately analyze the application of § 362 to IUFA's grievance because, in this instance, the same factors which control application of the automatic stay to dismissal of this appeal also control withdrawal of the grievance.

of the automatic stay." *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir.1988) (per curiam). *See also, Zelaskowski v. Johns–Manville Corp.*, 578 F.Supp. 11, 17 (D.N.J.1983) (dismissal of debtor-defendant permitted where dismissal "will not contravene the purpose of the stay provision"). We agree that the application or non-application of § 362(a) to the dismissal of an action pending against a debtor should be made consistent with the purpose of the statute.

■ The purpose of § 362(a) is two-fold. The first is to provide debtor protection:

It gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296–97. *See also In re Schwartz*, 954 F.2d 569, 571, 574 (9th Cir.1992).

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.

*Id.;* 1978 U.S.C.C.A.N. at 6297.

Here, Pan Am's European operations have been sold to Delta Air Lines as part of the Chapter 11 case. In anticipation of that sale, Pan Am Express ceased operations. Service on the routes at issue in the underlying grievance has ceased. In fact, Pan Am Express no longer provides any air service at all or employs any flight attendants.[4]

In this posture of the case, we can see no statutory purpose to be served by applying the automatic stay to IUFA's motion to dismiss this appeal or to our disposition of that motion. We hold that § 362(a) does not preclude the motion to dismiss or our action thereon.[5]

■ We now turn to the merits of the motion.

The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.

*Northwest Environmental Defense Center v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988). A party's decision to withdraw a claim renders it moot. *Webster v. Reproductive Health Serv.*, 492 U.S. 490, 512, 109 S.Ct. 3040, 3053, 106 L.Ed.2d 410 (1989). Because IUFA has withdrawn its grievance, we have been "deprived ... of the ability to redress [IUFA's] injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir.1987). We conclude that this appeal is now moot. Because this appeal became moot while the petition for rehearing and suggestion for rehearing *en banc* were still pending and before the mandate issued, the appropriate disposition is to vacate the panel's opinion and dismiss the appeal. *See Bumpus v. Clark*, 702 F.2d 826 (9th Cir.1983); *In re United States*, 927 F.2d 626, 627 (D.C.Cir. 1991), citing *Clarke v. United States*, 915 F.2d 699, 706 (D.C.Cir.1990).

■ In addition to seeking dismissal of the appeal, IUFA also seeks vacatur of the district court judgment. IUFA rests its argument on the general rule that if the controversy is entirely mooted during pendency of the appeal, "it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 93, 99 S.Ct. 2149, 2149, 60 L.Ed.2d 735 (1979) (emphasis in original), quoting form *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267,

---

**4.** These developments since the inception of bankruptcy are represented in IUFA's motion to dismiss. Because they are not contested by Pan Am, for purposes of this motion, we accept them as uncontested facts.

**5.** By this construction of the statute we avoid the constitutional issue of whether Congress, acting under the bankruptcy clause of Article I, § 8, of the Constitution, can preclude a federal court from dismissing a case which has become moot and, thus, no longer constitutes an Article III case or controversy.

57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). *Accord United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950) (established practice where case has become moot on appeal is "to reverse or vacate the judgment below and remand with a direction to dismiss").

This Circuit, however, recognizes an exception to the *Munsingwear* rule. *See Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720, 721–22 (9th Cir.1982). In *Ringsby* we distinguished "between litigants who are and are not responsible for rendering their case moot at the appellate level," *id.* at 721, and held that *Munsingwear* did not apply "when the appellant has by his own act" rendered the appeal moot. *Id.* at 722. In such a case, the proper procedure is not to order vacatur of the district court judgment, but to remand the matter to the district court for a determination of "the consequences and attendant hardships of dismissal or refusal to dismiss" and the balancing of "the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id.*

Here it appears that *Ringsby,* rather than *Munsingwear,* controls. Here the case was made moot not by happenstance, but by the conduct of IUFA alone in withdrawing its grievance. *See National Union Fire Ins. Co. v. Seafirst Corp.,* 891 F.2d 762, 766 (9th Cir.1989), citing *Karcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987).

Where the appellant is "responsible for rendering this appeal moot, ... it is inappropriate for us to automatically vacate the lower court's judgment. Instead, the district court should balance the competing interests of the parties to determine whether the judgment below should be vacated." *Allard v. DeLorean,* 884 F.2d 464, 467 (9th Cir.1989).

The opinion in *Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 923 F.2d 678 (9th Cir.1991), is withdrawn. The appeal is DISMISSED and the action is REMANDED to the district court to determine whether its judgment should be vacated.