**In re NEWBERY CORPORATION, fka Newbery Electric, Inc., Debtors.**

**NEWBERY ELECTRIC, INC., Appellants,**

v.

**MCI CONSTRUCTORS, INC., Appellee.**

BAP No. AZ–91–2045–MeJR.

Bankruptcy No. 87–3466–PHX–RGM.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Jan. 13, 1994.

of the pending appeal, which was granted by the Ninth Circuit on June 18, 1993.

On November 2, 1993, the bankruptcy court approved the settlement. On November 17, 1993, in accordance with their settlement the parties filed a joint motion asking that the Panel "vacate and annul" its decision of October 20, 1992.

Absent attendant hardship or inappropriate consequences, it is generally recognized that if the controversy is entirely mooted during the pendency of the appeal, an appellate panel should vacate its decision and dismiss the appeal. *See Continental Cas. Co. v. Fibreboard Corp.,* 4 F.3d 777, 779–80 (9th Cir.1993); *In re Tucson Industrial Partners,* 990 F.2d 1099 (9th Cir.1993); *IUFA v. Pan American,* 966 F.2d 457 (9th Cir.1992). Given the approval of the settlement by the trial court, it does not appear that any hardship will result from dismissal of this appeal. Therefore, the motion is **GRANTED,** the Opinion reflecting the decision of the Panel filed on October 20, 1992 is **WITHDRAWN** and the appeal is **DISMISSED.**

Before: MEYERS, JONES and RUSSELL, Bankruptcy Judges.

ORDER

On October 20, 1992, the Panel filed its decision affirming the trial court. The published opinions issued are reported as *In re Newbery,* 145 B.R. 998 (9th Cir. BAP 1992). A notice of appeal to the Ninth Circuit Court of Appeals was filed on October 29, 1992. Subsequently, the parties reached a settlement of their dispute and Newbery Electric, Inc., filed a motion for a voluntary dismissal