64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 TONQUIN FISHERIES, INC., a Washington Corporation, owners of
the F/V Tonquin, official No. 529425; and Burton
C. Parker, Plaintiffs/Appellants,
v.
SWITZERLAND GENERAL INSURANCE CO. & Ymanda Tousignant,
personal Representative of the Estate of Lawrence
Tousignant, Defendants/Appellees.
 
 1
 No. 94-36175.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted July 21, 1995.
Decided Aug. 15, 1995.
 
 3
 Before: NOONAN and HAWKINS, Circuit Judges, and LEW, District Judge.*
 
 
 4
 MEMORANDUM**
 
 
 5
 Tonquin Fisheries, Inc. ("Tonquin") appeals the district court's grant of summary judgment in favor of appellee, the estate of Lawrence Tousignant. The case arises out of the sinking of the vessel F/V Tonquin on October 13, 1991. At issue on this appeal is an alternative claim brought by Tonquin against the estate of Lawrence Tousignant, captain of the F/V Tonquin. By Order dated August 24, 1994 the district court granted the estate's motion for summary judgment on the claim against it. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm
 
 I.
 
 6
 This case was originally brought by Tonquin as a declaratory relief action against its insurers, seeking coverage for claims arising from the sinking of the F/V Tonquin. In the event insurance coverage was denied, Tonquin sought through an alternative claim to recover damages from Captain Tousignant's estate for his alleged fault in causing the denial of such coverage. The original declaratory relief claim against the insurers has been settled, with the insurers agreeing to provide coverage for the estate's claims against Tonquin.
 
 II.
 
 7
 We review a district court's grant of summary judgment de novo. First Pacific Bank v. Gilleran, 40 F.3d 1023, 1024 (9th Cir. 1994), petition for cert. filed, May 12, 1995. On appeal, we may affirm the district court on any ground supported by the record. Id.
 
 
 8
 We cannot consider a case on appeal if it presents only claims that have become moot. A claim is moot if there is no longer a "present controversy as to which effective relief can be granted." IUFA v. Pan American World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992). As a preliminary matter we must determine what "present controversy" is presented by this case. Continental Cas. Co. v. Fiberboard Corp., 4 F.3d 777, 778 (9th Cir. 1993).
 
 III.
 
 9
 The claim against Captain Tousignant's estate is conditioned upon a determination that Tonquin is not entitled to insurance coverage as a result of violations of the applicable insurance policy's crew warranty. Specifically, the amended complaint states:
 
 
 10
 Should it be determined that [a] fifth person aboard [the F/V Tonquin] was a crew member hired by Lawrence Tousignant, and that the presence of the additional crew member causes Tonquin a forfeiture of any liability coverage to which it otherwise would have been entitled, then, in that event, Tonquin is entitled to a set-off against any liability it may ultimately have to the claimant to the extent Lawrence Tousignant's actions caused a forfeiture of Tonquin's liability insurance.
 
 
 11
 ER 41 at 7-8 (emphasis added). In addition, the amended complaint's prayer for relief requests "[t]hat any liability of Tonquin to the estate of Tousignant ... be reduced to the extent Lawrence Tousignant's actions may cause a forfeiture of Tonquin's liability insurance ...." ER 41 at 9.
 
 
 12
 By correspondence dated January 6, 1994, Tonquin and its insurers settled their insurance coverage dispute. By this settlement the insurers agreed,
 
 
 13
 to defend and hold Tonquin Fisheries harmless from any damages incurred after the date hereof in respect of claims made by ... the Estate of Lawrence Tousignant, deceased, ... provided any such damages must otherwise be recoverable under the substantive P & I coverages set forth in the Tonquin Fisheries' policy with Underwriters.
 
 
 14
 ER 89 ex. 1. The settlement of the declaratory relief claim precluded the district court from making any determination that Tonquin was not entitled to insurance coverage as a result of Captain Tousignant's alleged negligence in hiring too many crew members. Thus, since there has been no "forfeiture of coverage" sufficient to trigger Tonquin's claim against the estate, the relief requested from the estate is unavailable and no case or controversy is presented to this Court.
 
 
 15
 Finding no case or controversy, we affirm the district court's summary judgment order on the alternative ground that the claim dismissed has become moot.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Hon. Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This memorandum disposition is not appropriate for publication and may not be cited to except as provided by Ninth Circuit Rule 36-3