An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRE INSURANCE EXCHANGE,
Appellant,
vs.
EFFICIENT ENTERPRISES, INC.
D/B/A EFFICIENT ELECTRIC,
Respondent.

No. 60555

**FILED**

JUL 2 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court judgment in a tort action. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Respondent Efficient Enterprises, Inc., filed a notice of suggestion of bankruptcy in this court on March 19, 2013. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the [bankruptcy] debtor." 11 U.S.C. § 362(a)(1) (2012). An appeal, for purposes of the automatic bankruptcy stay, is considered a continuation of the action in the trial court. *See, e.g., Ingersoll-Rand Fin. Corp. v. Miller Min. Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *Id.*

This court ordered respondent to provide a status report regarding any efforts to lift the automatic bankruptcy stay to allow this appeal to proceed. Respondent indicated in its status report that the bankruptcy trustee was evaluating the underlying claim and respondent's counsel's retention to proceed in the matter, and that respondent would notify this court regarding counsel's retention and whether the automatic stay would be lifted. This court has subsequently ordered three additional

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23494

status reports, to which respondent provided the same response as was contained in the first status report.

Given the applicability of the automatic stay and that the parties have not been successful in having the bankruptcy stay lifted to allow this appeal to proceed, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Therefore, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice to appellant's right to move to reinstate this appeal upon the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such a dismissal will not violate the bankruptcy stay. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that a post-bankruptcy dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *see also IUFA v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)]"). Accordingly, we dismiss this appeal.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. David B. Barker, District Judge
        Salvatore C. Gugino, Settlement Judge
        Feldman Graf
        Marquiz Law Office
        Eighth District Court Clerk