An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON LEVI D/B/A PLANET CONSTRUCTION; AND ISMAEL CURIEL,
Appellants,
vs.
YOSEPH MERHAV; AND MERHAV DEVELOPMENT, INC.,
Respondents.

No. 64490

**FILED**

AUG 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a post-judgment district court order denying a motion to impose a constructive trust. On June 2, 2014, respondent Yoseph Merhav filed a notice of his bankruptcy. In response, this court stayed this matter by order entered June 27, 2014, and directed Merhav to file a status report and provide this court with a copy of his bankruptcy petition and other information concerning his bankruptcy. On July 24, 2014, Merhav filed his response which indicated that, to counsel's knowledge, no entity had sought, or was seeking, to lift the bankruptcy stay so that this case may proceed. Merhav further indicated that respondent Merhav Development, Inc., was not a proper party to this appeal because the claims against Merhav Development were dismissed from the underlying case by the final judgment entered below and that dismissal was not appealed. Appellants have filed a reply, as directed, indicating that they filed an adversary complaint in the bankruptcy case

14-28572

asserting that their judgment against Merhav could not be discharged through bankruptcy.

As an initial matter, given that Merhav Development was dismissed by the final judgment entered below and that determination was not appealed, we agree that Merhav Development it is not a proper party to this appeal. Accordingly, we dismiss the appeal as to Merhav Development.

With regard to respondent Merhav, given the applicability of the automatic stay and the fact that no party has moved the bankruptcy court to lift that stay to allow this appeal to proceed, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. We therefore conclude that judicial efficiency will be best served if this appeal is dismissed as to Merhav without prejudice to appellants' right to move to reinstate this appeal upon the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—such a dismissal will not violate the automatic bankruptcy stay. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that a post-bankruptcy dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"); *see also IUFA v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)(1)]"). Accordingly, this appeal is dismissed without prejudice to

appellants' right to move for reinstatement within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding.

It is so ORDERED.

_____, J.
Pickering

_____, J.       _____, J.
Parraguirre                                    Saitta


cc:     Hon. Susan Scann, District Judge
        Israel Kunin, Settlement Judge
        Law Offices of Michael F. Bohn, Ltd.
        Law Office of Richard L. Tobler, Ltd.
        Eighth District Court Clerk