# IN THE SUPREME COURT OF THE STATE OF NEVADA

RESOURCES GROUP, LLC, AS
TRUSTEE OF THE 5497 RIVERWOOD
CT TRUST,
                    Appellant,
vs.
ALESSI & KOENIG, LLC,
                    Respondent.

No. 69743

**FILED**

AUG 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a judgment to quiet title after rescission of a foreclosure sale. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Respondent has filed a "Suggestion of Bankruptcy," informing this court that it has filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code in the District of Nevada, Case No. 16-16592-abl. A copy of the notice of bankruptcy is attached to respondent's suggestion.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial. . . action. . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that respondent

Supreme Court
OF
Nevada

(O) 1947A

17-27594

was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of the appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)]"); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to the parties' rights to move for reinstatement of the appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives him a "breathing spell from [ ] creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

proceedings, if either of the parties deems such a motion appropriate at that time.[2]

It is so ORDERED.[3]

_____ , J.
Douglas

_____ , J.
Gibbons

_____ , J.
Pickering

cc:    Hon. Carolyn Ellsworth, District Judge
       Janet Trost, Settlement Judge
       Law Offices of Michael F. Bohn, Ltd.
       HOA Lawyers Group, LLC
       Alessi & Koenig, LLC
       Eighth District Court Clerk
       Supreme Court Law Librarian

---

[2]Any motion to reinstate this appeal must be filed within 60 days of entry of the order lifting the stay or concluding the bankruptcy proceedings.

[3]Pursuant to the "Notice of Disassociation of Counsel," filed July 31, 2017, the clerk of this court shall remove attorney Steven T. Loizzi, Esq. from the docket of this appeal. We vacate the conditional sanction imposed against Mr. Loizzi in the order entered on July 31, 2017.