# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRAD PHILIP LINDBURG, AN INDIVIDUAL; AND STACEY GOFF LINDBURG, AN INDIVIDUAL,
                    Appellants,
                vs.
DEAN AND PENNY BRUNNER 1985 TRUST BY DEAN BRUNNER, TRUSTEE,
                    Respondent.

No. 70602

**FILED**

SEP 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

On June 9, 2017, and August 2, 2017, this court directed the parties to file supplemental reports regarding the status of pending bankruptcy proceedings and to inform this court whether the automatic stay is applicable to this appeal. In response, the parties agree that the automatic stay applies to this appeal, and request that this matter be stayed, rather than dismissed, pending the outcome of the bankruptcy proceedings.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand*

17-30893

*Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellants were defendants below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we deny the parties' request for a stay, and we dismiss this appeal. This dismissal is without prejudice to appellant's right

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-6.

to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellants deem such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Nancy L. Allf, District Judge
Carolyn Worrell, Settlement Judge
Prestige Law Group
Foley & Oakes, PC
Eighth District Court Clerk

