# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COLFIN BAM FUNDING, LLC, <br>          Appellant, <br>      vs. <br> LUIS ROSALES, <br>          Respondent. | No. 70403 |
| LUIS ROSALES, <br>          Appellant, <br>      vs. <br> COLFIN BAM FUNDING, LLC, <br>          Respondent. | No. 72659 |

FILED

OCT 05 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
     DEPUTY CLERK

## ORDER DISMISSING APPEALS

Counsel for respondent and appellant Luis Rosales has filed a "Notice of Bankruptcy Filing" informing this court that Mr. Rosales has filed a Chapter 11 bankruptcy petition in the District of Nevada, case no. 18-14956. A copy of the Notice of Bankruptcy Filing from the bankruptcy court is attached to Mr. Rosales's notice.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action. . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that Mr. Rosales was the defendant below. Therefore, these appeals are stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, these appeals may linger indefinitely on this court's docket pending final resolution of the

18-39122

bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if these appeals are dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of these appeals and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)]"); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss these appeals. These dismissals are without prejudice to appellant's right to move for reinstatement of these appeals upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if Mr. Rosales deems such a motion appropriate at that time. Any motion to reinstate these appeals must be

---

[1]"The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* At 755-6.

filed within 60 days of entry of the order lifting the stay or concluding the bankruptcy proceedings.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich


cc:  Hon. Joanna Kishner, District Judge
     Eleissa C. Lavelle, Settlement Judge
     Wright, Finlay & Zak, LLP/Las Vegas
     Gerrard Cox & Larsen
     Michael M. Later
     Eighth District Court Clerk