IN THE SUPREME COURT OF THE STATE OF NEVADA

GREEN TREE SERVICING, LLC, N/K/A
DITECH FINANCIAL, LLC,
                    Appellant,
            vs.
PREMIER ONE HOLDINGS, INC.,
                    Respondent.

No. 75862

FILED

FEB 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a final judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Counsel for appellant has filed a notice informing this court that appellant and certain of its direct and indirect subsidiaries have filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir. 1987). It appears that appellant was a defendant below.

19-08664

Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—this court further concludes that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. The dismissal is without prejudice to appellant's right to move for reinstatement of this appeal upon

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.[2]

It is so ORDERED.

_____ *Pickering*_____, J.
                Pickering

_____ *Parraguirre*_____, J.          _____ *Cadish*_____, J.
Parraguirre                                            Cadish


cc:    Hon. James Crockett, District Judge
       Janet Trost, Settlement Judge
       Wolfe & Wyman LLP
       Morris Law Center
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[2]Any such motion to reinstate the appeal must be filed within 60 days of any order lifting the stay or concluding the bankruptcy proceedings.