# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DONNA J. JOHNSON, AN INDIVIDUAL; AND BUILD DESIGN CONCEPTS, INC., A NEVADA CORPORATION,<br>Appellants,<br>vs.<br>HEIDI PUTZE, AN INDIVIDUAL; AND MAP 4, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents. | No. 77459 |



FILED

MAR 08 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from findings of fact, conclusions of law and judgment entered in a breach of contract action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Counsel for appellants has filed amended Notices of Bankruptcy Petition, informing this court that appellants have filed for relief under Chapter 7 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action.

*See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.,* 817 F.2d 1424 (9th Cir. 1987). It appears that appellants were defendants below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.,* 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to appellants' right to move for reinstatement of this appeal

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.,* 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

within 60 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellants deem such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Eric Johnson, District Judge
Israel Kunin, Settlement Judge
Matthew Beckstead Law, LLC
Santoro Whitmire
Eighth District Court Clerk