# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA SANDCASTLES, LLC,
Appellant,
vs.
GREEN TREE SERVICING, LLC, N/K/A
DITECH FINANCIAL, LLC,
Respondent.

No. 77857

FILED

MAR 18 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

On February 25, 2019, counsel for respondent filed a notice informing this court that respondent has filed a bankruptcy petition. On March 7, 2019, counsel for respondent filed an amended notice informing this court that, although the bankruptcy court issued an order granting limited relief from the automatic stay as to certain permitted claims, the instant matter does not involve any such claims and therefore this action remains subject to the automatic stay. Appellant has not disputed these representations.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand*

19-11909

*Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that respondent was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal. This dismissal is without prejudice to the parties' rights to move for reinstatement of this appeal

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

 

within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if deemed such a motion appropriate at that time.

It is so ORDERED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:    Hon. Tierra Danielle Jones, District Judge
Janet Trost, Settlement Judge
The Wright Law Group
Wolfe & Wyman LLP
Eighth District Court Clerk

---

[2]On February 27, 2019, the settlement judge in this matter filed a Settlement Program Status Report indicating that this matter is scheduled for mediation on March 26, 2019. In light of the dismissal of this appeal, the mediation is hereby vacated.