# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEYNOTE PROPERTIES, LLC,
     Appellant,
  vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC,
     Respondent.

No. 76732

**FILED**

MAR 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
 DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Counsel for respondent has filed a notice and an amended notice informing this court that respondent and certain of its direct and indirect subsidiaries have filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and that the claims at issue in this appeal are subject to the automatic stay imposed under 11 U.S.C. § 362(a)(1). The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987).

It appears that respondent was a defendant and counterclaimant below. The portions of this appeal relating to the claims

Supreme Court
OF
Nevada

(O) 1947A

19-13267

against respondent are stayed pursuant to the automatic stay provisions of federal bankruptcy law; those portions of this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Given the overlapping nature of the claims against respondent and respondent's counterclaims, as well as this court's policy of avoiding piecemeal review, *see e.g., Barbara Ann Hollier Trust v. Shack*, 131 Nev. 582, 590, 356 P.3d 1085, 1090 (2015), this court concludes that judicial efficiency will be best served if this appeal is dismissed, in its entirety, without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—this court further concludes that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

Accordingly, this appeal is dismissed. This dismissal is without prejudice to the parties' rights to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if such a motion is deemed appropriate at that time.

It is so ORDERED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:    Hon. Gloria Sturman, District Judge
       Hong & Hong
       Wolfe & Wyman LLP
       Eighth District Court Clerk

---

[2]Given this dismissal, no action will be taken on the March 20, 2019, stipulation for an extension of time.