# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRP FUND IV, LLC, A DOMESTIC NON-PROFIT CORPORATION,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A GREEN TREE SERVICING LLC, A MINNESOTA CORPORATION,
Respondent.

No. 77927

FILED

JUN 0 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order entered in a quiet title action. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Counsel for respondent filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay informing this court that respondent had filed for relief under Chapter 11 of the Bankruptcy Code. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It thus appeared that this appeal is subject to the automatic stay provisions of federal bankruptcy law.

However, respondent later informed this court that the bankruptcy court entered an order and a revised order granting limited relief from the automatic stay. Because respondent did not state with specificity whether all of the claims resolved below remained subject to the

19-24669

automatic bankruptcy stay, this court ordered it to inform this court which claims asserted in the district court could proceed under the bankruptcy court's revised order.

Respondent has now filed a response asserting that the claims for quiet title, declaratory relief, and injunctive relief may proceed under the bankruptcy court's revised order, but appellant's claims for unjust enrichment and attorney fees and costs may not proceed. Appellant has not filed any reply.

Given the overlapping nature of these claims, as well as this court's policy of avoiding piecemeal review, *see, e.g., Barbara Ann Hollier Trust v. Shack*, 131 Nev. 582, 590, 356 P.3d 1085, 1090 (2015), this court concludes that judicial efficiency will be best served if this appeal is dismissed, in its entirety, without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)]"; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to the parties' rights to move for reinstatement of this appeal within 90 days of either final resolution of the bankruptcy proceedings or entry of an order by the bankruptcy court specifically allowing this appeal to proceed, if such a motion is deemed appropriate at that time.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.       _____, J.
Pickering                          Hardesty


cc:   Hon. David M. Jones, District Judge
      Hong & Hong
      Wolfe & Wyman LLP
      Eighth District Court Clerk