IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC SERIES 7728 VILLA DE LA PAZ,<br><br>          Appellant,<br><br>      vs.<br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2006-21,<br><br>          Respondent. | No. 77217<br><br>**FILED**<br><br>JUL 2 9 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>    DEPUTY CLERK |

*ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting a motion for summary judgment in a quiet tittle action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Counsel for respondent has filed a Notice of Bankruptcy Filing, informing this court that appellant has filed for relief under Chapter 11 of the Bankruptcy Code. Appellant has not filed any response to the notice.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears

SUPREME COURT
OF
NEVADA

(O) 1947A

19-31815

that appellant was a counter-defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, this court concludes that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors— this court further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, this appeal is dismissed. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal within 60 days of either the lifting of the bankruptcy stay or final resolution

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (internal quotation marks omitted). Further, it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
       Janet Trost, Settlement Judge
       Law Offices of Michael F. Bohn, Ltd.
       Akerman LLP/Las Vegas
       Eighth District Court Clerk