# IN THE SUPREME COURT OF THE STATE OF NEVADA

HAMEST VIVIAN ABKARIAN,
     Appellant,
   vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC,
     Respondent.

No. 77157

**FILED**

SEP 06 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
  DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment in an action relating to real property. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

This appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law. 11 U.S.C. § 362(a)(1); *Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424 (9th Cir. 1987). Although the bankruptcy court entered a revised order granting limited relief from the automatic stay, the parties disagreed whether this appeal could proceed in its entirety under the revised order. Accordingly, this court directed appellant to inform this court whether appellant sought clarification from the bankruptcy court regarding whether this appeal may proceed in its entirety under the bankruptcy court's revised order, or whether appellant did not intend to seek such relief. Appellant has now filed a notice stating that it has not sought clarification from the bankruptcy court and does not intend to seek such relief. Appellant asks that this appeal be dismissed without prejudice pending resolution of respondent's bankruptcy proceedings.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the

19-37432

bankruptcy proceedings. Judicial efficiency will be best served if this appeal is dismissed without prejudice pending resolution of the bankruptcy proceedings. Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay. *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where a decision to dismiss requires the court to first consider other issues presented by or related to the underlying case").

Accordingly, appellant's request to dismiss this appeal is granted. This appeal is dismissed without prejudice to appellant's right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____ C.J.
Gibbons

_____ , J.
Pickering

_____ , J.
Hardesty

cc: Hon. Susan Johnson, District Judge
Janet Trost, Settlement Judge
The Law Office of Mike Beede, PLLC
Wolfe & Wyman LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A