# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAIN STREET INVESTMENTS III, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Appellant,

vs.

CROWDCREDIT ESTONIA OU, AN ESTONIA LIMITED LIABILITY COMPANY,

Respondent.

No. 82225

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from findings of fact, conclusions of law, and an order appointing a receiver and an amended order after reconsideration. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Counsel for appellant has filed a "Suggestion of Bankruptcy" informing this court that appellant has filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532. Attached is a Notice of Bankruptcy Case Filing from the clerk of the United States Bankruptcy Court for the District of Nevada. The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action . . . against the debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424

21-11037

(9th Cir. 1987). It appears that appellant was a defendant below. Therefore, this appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, this court concludes that judicial efficiency will be best served if this appeal is dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—this court further concludes that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, this court dismisses this appeal. This dismissal is without prejudice to appellant's right to move for reinstatement of this appeal within 60 days of either the lifting of the bankruptcy stay or final

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

SUPREME COURT
OF
NEVADA

(O) 1947A

resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Adriana Escobar, District Judge
       Janet Trost, Settlement Judge
       Christopherson Law Offices
       Snell & Wilmer, LLP/Las Vegas
       Eighth District Court Clerk