# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUTISHAUSER LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A NLV PAIN MANAGEMENT AND URGENT CARE; CANDY CARILLO, RN, AN INDIVIDUAL; AND INJURY MEDICAL CONSULTANTS, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Appellants,

vs.

DOUGLAS B. ROSS, M.D., AN INDIVIDUAL,

Respondent.

No. 76095



FILED

DEC 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

On November 6, 2018, this court entered an order directing the parties to show cause why this appeal should not be dismissed in its entirety, without prejudice to appellants' right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceeding, if appellants deem such a motion appropriate at that time. On November 27, 2018, appellants filed a response indicating they do not oppose dismissal of the appeal in its entirety, if dismissal is without prejudice.

It would appear that this entire action has been removed to the bankruptcy court, and that therefore the entire appeal is stayed pursuant to the automatic stay provisions of federal bankruptcy law. Given the applicability of the automatic stay, this appeal may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, we conclude that judicial efficiency will be best served if this appeal is dismissed without prejudice.

18-909952

Because a dismissal *without prejudice* will not require this court to reach the merits of this appeal and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose of the statute [11 U.S.C. §362(a)"]; *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case").

Accordingly, we dismiss this appeal without prejudice to appellants' right to move for reinstatement of this appeal within 90 days of either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellants deem such a motion appropriate at that time.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755 (9th Cir. 1995).* Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-56.

 

cc: Hon. Nancy L. Allf, District Judge
Lansford W. Levitt, Settlement Judge
Kung & Brown
Law Office of Karen H. Ross
Levine, Garfinkel & Eckersley
Eighth District Court Clerk